IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSIRIS E. LOPEZ, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-0510-M (BK) |
| § | | |
| ASHOK KORA, et al., § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for pretrial management. For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for want of jurisdiction.

**I. BACKGROUND**

Plaintiff, a Dallas resident, filed a *pro se* complaint naming as Defendants Ashok Kora and Charles Steadman, who are, respectively, a student and a campus security employee at the University of Dallas in Irving, Texas. (Doc. 3 at 1; Doc. 7, Ans. 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The Court then issued a questionnaire to obtain information about the jurisdictional and factual bases of the complaint.

Plaintiff alleges that Defendants "intentionally and to cause harm violated 18 U.S.C. 241, 242, 1512, 3771, and 28 U.S.C. § 1343, despite clear warnings and attempts to prevent the same by Plaintiff." (Doc. 3 at 1.) He also cites 28 U.S.C. § 1981. *Id.* In answer to the questionnaire, Plaintiff explains that he went to the University of Dallas on the recommendation of a faculty

member and that, beginning in August 2011, Defendants "conspired to have [him] removed from the campus, although [he] was properly registered and interviewed for work." (Doc. 7, Ans. 1) He requests monetary damages and appointment of counsel. *Id.,* Ans. 4.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).[1]

Here, the Court lacks subject matter jurisdiction on the basis of a federal question. The first statute Plaintiff cites in his complaint, 42 U.S.C. § 1981, prohibits discrimination based on race. Plaintiff explains that "Defendants made clear reference to their displeasure of the orthodoxy of [his] Catholic Faith." (Doc. 7, ans. 6.) When asked to describe the basis of the discrimination, he only alleges "the discrimination was to impair by nongovernmental means and under color of law both my personal rights and those related to my work." *Id.* Most importantly,

---

[1] In his complaint, Plaintiff cites 28 U.S.C. § 1343 as the jurisdictional basis for civil rights claims. (Doc. 3 at 1.)

however, nowhere in his complaint or answers to the questionnaire does Plaintiff allege that he was discriminated against by Defendants on account of his race. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of section 1981 claims because plaintiff failed to allege that the defendants discriminated against him based on race).

Plaintiff also cites civil rights criminal statutes 18 U.S.C. §§ 241 and 242. But there is no private cause of action under a federal criminal statute. *Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (unpublished *per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975); *Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. 1993) (unpublished *per curiam*)). Likewise, there is no private cause of action under the Crime Victims Rights Act, 18 U.S.C. § 3771, or under 18 U.S.C. § 1512, for tampering with a witness, victim, or informant. *See Thornton v. Merchant,* No. H-I0-0616, 2011 WL 147929, at *13 (S.D. Tex., Jan. 18, 2011) (holding no private right of action under section 1512); *Ali,* 1993 WL 456323, at *1 (5th Cir. Oct. 28, 1993) (*quoting Johnson v. Kegans,* 870 F.2d 992, 1005 n.4 (5th Cir. 1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

The Court also lacks subject-matter jurisdiction on the basis of diversity. 28 U.S.C. § 1332 requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The answers to the questionnaire, however, confirm that Plaintiff and Defendants are all citizens of the State of Texas. (Doc. 7, Ans. 3).

Therefore, because the complaint does not present a sufficient basis for federal question

or diversity jurisdiction, it should be dismissed *sua sponte* for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

SIGNED March 12, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE